UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PATRICK SMOTHERMAN ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:09-0232 |
| ] | Judge Trauger |
| JOE EASTERLING, WARDEN ] | |
|     Respondent. ] | |

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Joe Easterling, Warden of the prison, seeking a writ of habeas corpus.

On January 31, 2006, the petitioner pled guilty in Rutherford County to three counts of selling cocaine. For these crimes, he received an aggregate sentence of ten years in prison. Docket Entry No. 15-1 at pgs. 32, 42-43. Having pled guilty, the petitioner did not seek a direct appeal of his convictions.

However, in January, 2007, he filed a *pro se* petition for post-conviction relief in the Criminal Court of Rutherford County. *Id.* at pgs. 4-13. Following the appointment of counsel (*Id.* at pg. 70), an amendment of the post-conviction petition (*Id.* at pgs. 84-87) and an evidentiary hearing (Docket Entry No. 15-2 at pgs. 2-57), the trial court denied the petition. Docket Entry No. 15-1 at pgs. 93-96. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 3-1 at pgs. 42-45. The Tennessee Supreme Court later rejected

1

petitioner's application for further review. Docket Entry No. 15-4 at pg. 2.

On February 28, 2009, the petitioner initiated the instant action with the filing of a petition (Docket Entry No. 3) for federal habeas corpus relief.[1] In the petition, it is alleged that the petitioner's guilty pleas were neither knowingly nor voluntarily entered because of various instances in which the petitioner was denied the effective assistance of counsel.

Upon preliminary review of the petition, it appeared that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 5) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently before the Court is the respondent's Motion to Dismiss (Docket Entry No. 14), to which the petitioner has offered no reply. Upon consideration of the petition, respondent's Motion to Dismiss and the entire record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8, Rules - - § 2254 Cases.

A state prisoner has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file his petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[2] The petitioner pled guilty

---

[1] The petition was stamped by the Clerk's Office as filed on March 6, 2009, the date of its receipt. *See* Docket Entry No. 3-2. However, a pleading from a prisoner is considered filed on the date that it was given to prison officials for posting. Houston v. Lack, 487 U.S. 266 (1988). In this case, the petition was signed and dated on February 28, 2009. This earlier date is presumably the same date the petition was given to prison officials for mailing.

[2] 28 U.S.C. § 2244(d) actually provides that the limitation period begins to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

and was sentenced on January 31, 2006. No direct appeal of the convictions was taken by the petitioner. The time for filing a direct appeal expired thirty (30) days after the petitioner was sentenced, Rule 4(a), Tenn. R. App. P., making petitioner's convictions final on March 2, 2006. Accordingly, the petitioner had one year from this date, or until March 2, 2007, in which to initiate the instant action.

Three hundred fifteen (315) days elapsed before the petitioner filed his petition for state post-conviction relief. Docket Entry No. 15-1 at pgs. 4-13.[3] The filing of that petition had the effect of tolling the one year limitation period for as long as petitioner's post-conviction proceedings remained pending in the state courts. 28 U.S.C. § 2244(d)(2).

On July 14, 2008, the Tennessee Supreme Court rejected the petitioner's application for further review of his post-conviction petition, Docket Entry No. 15-4 at pg. 2, thus concluding the petitioner's state post-conviction proceedings. When the state court proceedings that tolled the limitation period are no longer pending, the limitation period resumes at that point where it was tolled rather than starting anew. DiCenzi v. Rose, 452 F.3d 465, 468-469 (6th Cir. 2006). Therefore, having already expended three hundred fifteen (315) days of the limitation period, the petitioner was left with fifty (50) days remaining, or until September 2, 2008, in which to initiate this action.[4] The habeas corpus petition (Docket Entry No. 3) initiating this action was filed on February 28, 2009, more than five months after the limitation period had expired. As a consequence, this action is

---

[3] The post-conviction petition was filed on January 11, 2007. The 315 days are calculated as follows : 29 days (3/3 - 3/31/06) + 30 days (4/06) + 31 days (5/06) + 30 days (6/06) + 31 days (7/06) + 31 days (8/06) + 30 days (9/06) + 31 days (10/06) + 30 days (11/06) + 31 days (12/06) + 11 days (1/1 - 1/11/07) = 315 days.

[4] 365 days - 315 days = 50 days. The 50 days are calculated as follows : 17 days (7/15 - 7/31/08) + 31 days (8/08) + 2 days (9/1 - 9/2/08) = 50 days.

untimely.

Having carefully reviewed the pleadings and the record, the Court finds that the respondent's Motion to Dismiss (Docket Entry No. 10) the petition has merit. Therefore, said motion will be granted and this action shall be dismissed. Rule 8(a), Rules - - § 2254 Cases.

An appropriate order will be entered.

                                              Aleta A. Trauger
                                              United States District Judge